No. 19,738

L. C. McNELLEY, D-A LUBRICANT, INC., *v.* TED D. SMITH, ET AL.

(368 P. [2d] 555)

Decided February 5, 1962.

Mr. RAYMOND DUITCH, for plaintiffs in error.

Messrs. JANUARY, GILCHRIST & BLUNK, for defendants in error Smith and Lucas.

Messrs. LITTELL & ALGEO, for defendant in error Power Equipment Company.

Messrs. RECTOR & KANE, for defendant in error Fred Schaefer.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

IN the trial court the defendant in error Smith and Lucas and the defendant in error Power Equipment Company were plaintiffs in an action against L. C. Mc-Nelley and D-A Lubricant, Inc., and Fred Schaefer as defendants, for damages to vehicles owned by Smith and Lucas and the Power Equipment Company. Mc-Nelley also cross-claimed against Schaefer. The parties will be referred to as they appeared in the trial court or by name.

The case was tried only on the issue of liability and resulted in a verdict for the plaintiffs and against defendants McNelley and D-A Lubricant, Inc., and for

Schaefer against McNelley on the cross-claim of Mc-
Nelley.

On September 9, 1957, a truck tractor owned by the
plaintiff Power Equipment Company was proceeding
south on U.S. 85-87, pulling a semi-trailer owned by
Smith and Lucas. McNelley, a salesman for D-A Lubri-
cant, Inc., was proceeding north on the highway fol-
lowed by the Schaefer truck containing a load of
watermelons. A collision occurred involving the Power
Equipment Company tractor, the McNelley car, and
the Schaefer truck. The driver of the tractor was killed
at the scene and McNelley was seriously injured and
rendered unconscious for a period of some 21 days.

It was McNelley's contention that he had stopped on
the highway with his turn lights on, preparatory to
making a left turn across the highway to a construction
camp where he intended to make a business call. The
reason for the stop, McNelley testified, was to permit
the plaintiff's tractor to clear the portion of the highway
on which he wished to turn. He contends that he was
hit from the rear by the Schaefer truck and knocked
into the path of the oncoming tractor.

Schaefer's testimony was that McNelley, in attempt-
ing to pass a furniture van which was proceeding on
the highway ahead of him, pulled out about two feet
into the opposite lane of traffic and was thereupon hit
by the tractor. He further testified that after the col-
lision the McNelley car was propelled into his truck
by the force of the impact. The issues resolved them-
selves into a question of whether the Schaefer truck
struck the McNelley car, driving it into the path of the
plaintiff's tractor, or whether McNelley pulled out of
his lane of traffic to pass another car and was thereupon
struck by the plaintiff's vehicle.

The first witness for the plaintiff was a highway
patrolman who investigated the accident. He testified
concerning the physical facts at the scene of the acci-
dent, gave his opinion concerning the speed of the

tractor, testified as to the point of impact and the angle at which the tractor and McNelley's car collided. He based these opinions on the damage done to the cars and on the physical facts present at the scene. In response to a question by plaintiff's counsel, he testified over objection that in his opinion McNelley's car, going north, pulled into the south lane of traffic and was struck by the truck and that Schaefer's truck was struck by the right rear of the McNelley car as it pivoted around from the force of the impact. He stated that this opinion was founded in part on the physical facts he had observed on the scene and in part on Schaefer's statement taken by him at the scene of the accident. The officer could take no statements from either McNelley or the driver of the tractor trailer. One was dead and the other unconscious.

McNelley assigns as error the admission of the evidence of this witness insofar as it reconstructed the accident and attempted to assign the cause of the collision. He also contends the officer's testimony was not admissible because it was based in part on the statements made to him by the defendant Schaefer at the scene of the accident.

While it is no longer a valid objection in Colorado that the opinion of an expert witness resolves the ultimate conclusion which the jury is to determine, *Bridges v. Lintz,* 140 Colo. 582, 346 P. (2d) 571, evidence of this nature is admissible only when the subject matter is such that a jury cannot be expected to draw correct inferences from the facts. There is no need for expert opinion with reference to facts involving commonplace occurrences. *Blackburn v. Tombling,* 148 Colo. 161, 365 P. (2d) 243. Expert testimony is not admissible solely because the witness has some skill in a particular field, but it is admissible, if at all, only because the witness can offer assistance on a matter not within the knowledge or common experience of people of ordinary intelligence.

It was competent in this case for the officer to testify as to the point of impact and the angle of collision, matters which he determined solely from the physical facts existing at the scene of the accident. It was not competent for him to give his opinion as to how the McNelley car got into the southbound lane of traffic and into the path of the tractor trailer. From the physical facts testified to by the witnesses, including the patrolman, it was well within the competency of the jury to determine the ultimate issue in the case, that is, by whose negligence the McNelley car was placed in the path of the oncoming trailer tractor.

■ Moreover, the officer's opinion as to how the McNelley car came to be in the southbound lane, was based not on any physical facts which he determined at the collision, but on the statements made to him by one of the contending parties. The physical facts at the scene of the accident enabled the officer to determine the angle of impact and the point of impact. The manner in which the car came into the lane of traffic was merely a restatement by the officer of Schaefer's statement made at the scene of the accident. The issue of how the McNelley car got into the south lane was hotly contested. The officer's testimony placed the stamp of authenticity upon Schaefer's testimony and by implication branded the McNelley testimony as false. Under these circumstances, it was error to permit the officer to express his opinion as to the manner in which the McNelley car got into the south lane of traffic. *Maben v. Lee,* (Okla.) 260 P. (2d) 1064.

■ During presentation of the defense, McNelley too presented an expert who attempted to testify as to the cause of the accident. This expert's opinion was to be based solely on photographs of the vehicles taken at the scene of the accident. Under the circumstances presented here, the trial court correctly refused to permit this evidence. It is interesting to note that in the cases cited by counsel in defense of this exclusion the courts

have held that jurors of ordinary intelligence are just as capable of reasoning backward from the evidence in automobile accidents, such as the one under consideration here, and making a correct analysis as to what has happened as is the expert. See, e.g., *Carmody v. Aho,* 251 Minn. 19, 86 N.W. (2d) 692.

McNelley also assigns as error refusal of the court to admit certain photographs in evidence at the trial. A pre-trial conference was held at which all parties submitted their documentary evidence. Although the photographs offered at the trial were available to McNelley at the time of the pre-trial conference, he did not choose to offer them. The court ordered copies of any additional documentary evidence to be furnished the other parties within a reasonable time prior to the trial. McNelley did not comply with this order with respect to the photographs about whose rejection he now complains. The pre-trial order controlled the subsequent course of the action. We can find no manifest injustice on the part of the trial court in refusing to admit these photographs involved in evidence.

McNelley also assigns error on the ground that the court refused to submit to the jury the issue of contributory negligence on the part of the plaintiffs' driver. McNelley's position was that he was stopped on the highway waiting for the plaintiffs' truck to pass and that he was knocked into the path of the truck. There is no evidence in the record upon which the jury could base a determination that there was any negligence on the part of plaintiffs' driver which was the proximate cause of this accident. In such circumstances it was not error to refuse to submit the issue of contributory negligence on the part of plaintiffs' driver to the jury.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE DAY and MR. JUSTICE HALL concur.