No. 19,811.

THORNTON E. JONES *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(369 P. [2d] 65)

Decided February 26, 1962.

Messrs. ZEROBNICK and LITVAK, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

JONES was charged with, tried for, and found guilty of, violating C.R.S. '53, 40-2-10, i.e., causing the death of one Betty Lou Vinar while under the influence of intoxicating liquor "by operating a motor vehicle in a reckless, negligent and careless manner." He was sentenced to the penitentiary for a period of not less than four nor more than five years. The propriety of the judgment and sentence is under attack by writ of error.

Seven grounds are urged for reversal. It is asserted that (1) the evidence was insufficient to establish commission of the crime; (2) certain exhibits were erroneously admitted in evidence, since they constituted statements and confessions involuntarily given; (3) expert opinion evidence indicating that Miss Vinar was a passenger in rather than the driver of the car was erroneously received in evidence; (4) the trial court erred in refusing to give Jones' tendered instructions 1 through 9; (5) the trial court overtly exhibited prejudice toward Jones in the course of the trial; (6) the trial court erred in refusing to admit certain impeachment testimony; (7) the trial court erroneously permitted a non-endorsed witness to testify.

Jones and Miss Vinar had been together during the afternoon and evening of May 30, 1960. In the late after-

noon they entered a tavern at East 13th Avenue and Grant Street in Denver, where they remained until two o'clock in the morning of May 31st. While there they consumed a quantity of beer.

They left the tavern and seated themselves in Jones' small, compact Renault automobile, having "bucket" seats in the front and a gearshift on the floor between the two seats. Shortly after they left the tavern, a waitress who worked there, who was going home by taxicab, stopped parallel to the Renault car to await the change of a traffic control light. She observed that Miss Vinar was driving the Renault.

Between 2:12 and 2:15 A.M., a matter of minutes after they left the tavern, the Renault struck a parked car in front of 825 Fillmore Street and overturned. Miss Vinar was fatally injured and died en route to the hospital.

A number of persons, hearing the crash, came to the scene of the accident immediately after it occurred, and they related the position of the car and of Jones and Miss Vinar in the car when they arrived upon the scene. On the whole, this testimony was undisputed.

It appears from the evidence that skid marks on Fillmore Street showed that the Renault car travelled 122 feet in a southeasterly direction and veered to a southwesterly course, striking a parked car at the westerly curb. The damages to both cars would indicate that the right rear of the Renault struck the left rear of the parked car; that the Renault was thrown on its top and skidded from there to the easterly curb.

The Renault came to rest on its top with the windshield area lodged against the curb and the front against a tree. Inside the Renault were two persons: Jones mostly in the area which would have been occupied by the passenger, and Miss Vinar with the upper portion of her body projecting out of the left window with some portion of her feet and limbs extended out through the windshield. Because of the positions of their bodies,

Jones was removed from the passenger's side of the car and Miss Vinar from the driver's side of the car.

The windshield of the Renault had been knocked out as a result of the impact with the parked car. The steering wheel had not been damaged. Photographs reveal that the right rear, the left front, and the top of the Renault were extensively damaged. A police officer who had considerable training in investigative work concerning accidents and had served in that capacity for Denver took photos of the two cars and otherwise visually examined the scene of the accident. He testified as to these matters in the trial.

This officer was asked the following question: "Officer, in your investigation and experience — from your experience in investigating automobiles in which there are fatalities involved, do you have an opinion as to what person is thrown in the car, the driver or the passenger?" Over strenuous objections the court permitted the officer to answer that "[t]he passenger is the one that is thrown."

Again the officer was asked, "Officer Mortensen, if the evidence showed that the position of the body of Betty Lou Vinar, while the car was resting on its top near the curb, east curb of Fillmore Street, that the position of the body at the time was such that the top of her body protruded from the left front window and her legs were protruding from the windshield opening, would such a position, in your opinion, be consistent or inconsistent with the fact that she was a passenger in the car?"

Again, Jones objected and again the court ruled that the question could be answered. The officer testified, "I'd say, consistent."

There are two obvious reasons why these questions and answers should not have been submitted to the jury. In view of the undisputed evidence concerning the positions of the two bodies, the first question propounded contained an internal conflict. The answer given points

up the conflict. The question inferred that only one body would be thrown. The answer confirmed the inference in the question and asserted that the passenger would be the one that would be thrown. If the answer is logical, then Jones, if the driver, would not have been thrown and would have remained in the area of the driver's seat.

■ An opinion which is self-defeating should not be received by the court. Opinions must be reconcilable with reason. *Snowden v. Taggart,* 91 Colo. 525, 17 P. (2d) 305. Here the opinion was in conflict with the conceded physical fact that, assuming the correctness of the transposition of Miss Vinar's body, Jones' body must also have been thrown. It has been held that opinions which are in conflict with conceded physical facts do not rise to the dignity of evidence. *Atlantic Life Ins. Co. v. Vaughn,* 71 F. (2d) 394.

■ Expert opinion evidence "is admissible only when the subject matter is such that a jury cannot be expected to draw correct inferences from the facts. There is no need for expert opinion with reference to facts involving commonplace occurrences." *McNelley et al. v. Smith et al.,* 149 Colo. 177, 368 P. (2d) 555. If inference were to be drawn from the facts of this case, they were, under the rule just enunciated, clearly within the province of the jury to draw.

■ Evidence for and against Jones on the question of who was operating the Renault at the time of the crash could have tipped the beam of the scale one way or the other. Because of this condition, the testimony of this officer may have been a decisive factor in the conclusions of the jury. That it represents such a potential in the jury's consideration of the case would make us derelict not to notice it. Knowing that it may have adversely affected Jones, when it should not have been admitted, we hold its admission to be prejudicial error.

Other serious questions have been raised in this case,

but we need only answer the one concerning the admission of the testimony of the expert heretofore discussed.

The judgment is reversed.

MR. CHIEF JUSTICE DAY did not participate.