Opinion by
Mr. Justice Hodges.
This is an automobile negligence case involving two collisions. The scene was an icy two-lane southbound roadway declining from the crest of Monument Hill on U.S. 85-87, a four-lane highway between Denver and Colorado Springs.
The plaintiffs in error, all passengers in a vehicle driven by Harold V. Hayward, initiated the action by filing a complaint for damages resulting from personal injuries caused by the alleged negligence of the defendants in error, the two drivers of vehicles involved in separate collisions with the Hayward car. Driver Hayward was not a party to the action. The parties will be referred to as they appeared in the trial court or by name.
After a jury verdict and judgment in favor of the de *351 fendants, the plaintiffs brought this writ of error, claiming the trial court erred in the following particulars: in allowing into evidence a certain exhibit; in the giving of several instructions; and in the rejection of several of the plaintiffs’ tendered instructions to the jury. The plaintiffs urge that the judgment be reversed and that the cause be remanded for a new trial.
This case involves two accidents between three vehicles all traveling south from the crest of a hill. The road as described by the various witnesses was snow-packed, icy and slick. Other vehicles had gone off the road on this stretch of highway. Also, two other vehicles which had previously collided were situated in the left lane and at a point farther ahead of the collisions we are here concerned with. There was an “icy road” lighted warning sign located on the incline ahead of the crest of the hill.
In this setting, only an abbreviated account of the two impacts is required for the purpose of this opinion. The vehicle driven by Defendant Sheats, after passing the crest, was slowing down and “fish-tailing.” At a point 150 to 200 yards from the crest of the hill, and while it was still traveling about 5 miles an hour, the Sheats vehicle was struck from the rear by the Hayward vehicle in which the plaintiffs were passengers. At the time of this impact, the Hayward vehicle was sliding sideways on the road. As a result of this impact, the Hayward vehicle spun and then came to rest in a crosswise position on the road. Immediately or within a few seconds thereafter, the Hayward vehicle was struck by the approaching vehicle being driven by Defendant Christner.
In the light of all the testimony in the record concerning these multiple collisions, we have reviewed the jury instructions to which the plaintiffs object. In our view, these instructions and the other instructions to the jury properly and fairly presented to the jury the matters of law to be considered in their deliberations. *352 Also, we perceive no error on the part of the trial court in its rejection of the plaintiffs’ tendered instructions.
The remaining alleged prejudicial error involves the trial court’s admission into evidence of Sheats’ Exhibit No. 1. This is a diagram made by the investigating police officer showing the purported position of the subject vehicles at the time of the two separate collisions.
The plaintiffs’ main objection to the exhibit is centered upon the placement of the Hayward vehicle as blocking both lanes at the time the Christner vehicle collided with it. This, they argue, conflicts with Plaintiff Dahl’s diagram and testimony which placed the vehicle in a position blocking one lane and jutting into the other lane, thus leaving room for the Christner vehicle to pass. It is plaintiffs’ theory that the Christner vehicle could have passed the Hayward vehicle, and thus could have avoided colliding with it. In essence, the plaintiffs argue that the jury could have been more impressed with a qualified police officer’s accident reconstruction account than with some of the plaintiffs’ evidence on this point and that therefore, their case was prejudiced by the police officer’s diagram.
We have scrutinized all the other evidence and testimony with particular attention given to placement on the highway of the Hayward vehicle. The evidence clearly and uniformly shows the Hayward vehicle was in a broadside position across the highway when the Christner vehicle struck it. There is a variance in the testimony of the plaintiffs and other witnesses who observed the accident as to whether the Hayward vehicle blocked both lanes, or one lane and part of the other. As an example, Edgar Stegall, who witnessed the accidents, testified that the vehicle which spun and ended up in a diagonal position blocked the complete highway. Although Stegall could not identify the driver, it was clear from his testimony and the other evidence that this was the Hayward vehicle which had spun around as a result of its collision with the Sheats’ vehicle.
*353 The disputed exhibit was drawn by the police officer while he was testifying; it was not to scale; it was roughly prepared; and it was obviously intended to show only in a general way the police officer’s best estimate of where the impacts occurred. During his testimony, the police officer specified he did not know the precise location of the points of impact and therefore could not say whether the Hayward vehicle was or was not completely blocking the two southbound lanes when the Christner vehicle slid into it. In our view, this testimony reduced the probative value of this exhibit so substantially that it added little, if anything, to the fund of evidence before the jury. Other testimony of the parties and eyewitnesses amply provided the jury with accounts of how these accidents occurred under the hazardous road conditions existing at the time.
On the basis of the foundation laid for the admission of this exhibit, the trial court should have excluded it. Some of the information pertaining to the positioning of the vehicles shown on the exhibit may have been secured by the police officer from conversations with the contending parties outside of the presence of the plaintiffs. See McNelley v. Smith, 149 Colo. 177, 368 P.2d 555 wherein we held that it was not competent for a police officer to give an opinion as to how one vehicle got into the path of another where such opinion was based upon statements made to him by contending parties immediately following the accident.
However, for the reasons heretofore given, we deem the exhibit as worthless, because of the additional eyewitness testimony and the acknowledgment by the police officer that he could not say where the impacts in fact occurred. This, in our view, is synonymous with saying he could give no opinion on the matter which would have clearly overshadowed any effect the exhibit may otherwise have had on the jury. We believe that *354 harmless error only — and not prejudicial error — is involved.
Judgment affirmed.
Mr. Justice McWilliams not participating.