591 P.2d 1332 (1978)
Lynda D. HILLMAN, Plaintiff-Appellee,
v.
BRAY LINES, INC., and Gerald Wayne Shaver, Defendants-Appellees, and
James K. Wise, Jr., by and through his guardian and next friend, James K. Wise, Defendant-Appellant.
No. 77-451.
Colorado Court of Appeals, Division III.
November 16, 1978.
Rehearing Denied December 14, 1978.
Certiorari Granted March 19, 1979.
*1333 Anderson, Dressel, Sommermeyer & Woodard, Samuel L. Anderson, Mayo Sommermeyer, Fort Collins, for plaintiff-appellee.
*1334 Walberg & Pryor, John E. Walberg, Hugh G. Bingham, Denver, for defendants-appellees.
Fischer & Wilmarth, Elery Wilmarth, Allen R. Schwartz, Fort Collins, Blunk & Johnson, Forrest S. Blunk, Denver, for defendant-appellant.
RULAND, Judge.
Alleging that various errors were committed in the trial of this personal injury negligence action, defendant-appellant, as guardian for James K. Wise, Jr., appeals from the judgments entered upon a jury verdict in favor of plaintiff, Lynda D. Hillman, against all defendants, and, from a jury verdict in favor of defendant, Bray Lines, Inc., on its cross-claim against Wise. We affirm the judgments.
This case concerns the collision between a pickup truck and a semi-tractor-trailer in or near the intersection of U.S. Highway 287 and Overland Trail Road in La Porte, Colorado. The pickup was driven by Wise and Hillman was his passenger. Both occupants of the pickup sustained serious injuries. The semi was owned by Bray Lines, Inc., and was driven by defendant, Gerald Wayne Shaver.
Hillman filed suit against Wise, Shaver, and Bray, alleging that the collision was caused by the negligence of Shaver and Wise and that the negligence of Shaver was imputable to Bray. Bray cross-claimed against Wise for the damages to its semi, alleging that the collision was a result of his negligence. Wise's guardian cross-claimed against Bray and Shaver, alleging that the accident was caused by the negligence of Shaver. The principal factual issue to be resolved by the jury was whether Wise was northbound on Overland Trail Road and pulled onto Highway 287 in front of the eastbound semi, or, whether both vehicles were proceeding eastbound on Highway 287 when the semi attempted to pass Wise, thereby causing the collision.
The jury returned special verdicts finding both Shaver and Wise negligent and finding the negligence of both to be a proximate cause of the accident. The jury attributed 25 per cent of the negligence to Shaver and 75 per cent to Wise.

I. Dead Man's Statute

Wise's guardian contends that the trial court erred in permitting Shaver to testify as to how the accident occurred. In support of his contention, the guardian points to the fact that his ward was rendered totally incompetent by reason of injuries suffered in the accident, and therefore contends that Shaver's testimony was inadmissible under the Dead Man's Statute, § 13-90-102, C.R.S.1973.
Shaver testified that he was proceeding east on Highway 287 and that Wise was northbound and ran a stop sign at Overland Trail Road prior to colliding with Shaver. The trial court ruled that Shaver's testimony was admissible in conjunction with Hillman's claims against Wise, Bray, and Shaver, but inadmissible as to the cross-claims. The jury was instructed to this effect, both at the time Shaver testified and at the close of all the evidence. However, Hillman, Bray, and Shaver contend that the evidence was admissible for all purposes because the guardian waived the bar of the Dead Man's Statute. We agree with this contention.
Although the guardian might have raised the Dead Man's Statute as a bar to Hillman's testimony, he did not do so. Rather, he permitted Hillman to testify on direct examination as to Wise's sobriety on the evening of the accident, to his destination and route, and to her recollections up to a point approximately three or four blocks from the accident site. Hillman had no recollection of the collision itself.
Hillman also testified concerning the speed of the pickup prior to the collision as well as Wise's operation of the vehicle. Wise's guardian then cross-examined Hillman on these subjects including an inquiry as to any reason why the couple would have been on Overland Trail Road. Hillman responded in the negative. Thereafter, Shaver was allowed to testify as summarized above.
*1335 While we find no Colorado appellate decisions which are dispositive of this issue, in other jurisdictions it is well established that the examination of one witness who is incompetent under the Dead Man's Statute operates as a waiver of incompetency as to other adverse witnesses, at least where the testimony of the adverse witness relates to subjects covered by the first witness. See, e. g., Carswell v. Greene, 253 N.C. 266, 116 S.E.2d 801 (1960); see also Annot., 33 A.L.R.2d 1440. And, our Supreme Court has approved the concept that the bar of the statute may be waived stating that:
"He for whose protection the statute was enacted may not juggle with it. He may not claim it in part and waive it in part as suits his convenience. Otherwise this act, passed for the purpose of preventing fraud, might become the instrument of fraud." Zackheim v. Zackheim, 75 Colo. 161, 225 P. 268 (1924).
See also Stender v. Cunningham, 123 Colo. 5, 225 P.2d 52 (1950); Koch v. Garnier, 110 Colo. 562, 136 P.2d 673 (1943); In Re Estate of Enz, 33 Colo.App. 24, 515 P.2d 1133 (1973). In light of the foregoing, and because the guardian permitted Hillman to testify as to all facts she could recall which would support his theory that the couple was never on Overland Trail Road, we hold that the guardian waived the bar of the statute and that, therefore, he is precluded from challenging the admission of Shaver's testimony.

II. Testimony of the Police Officers

The first officer to investigate the accident did not arrive on the scene until approximately 25 minutes after the collision occurred. Two other officers arrived approximately fifteen minutes thereafter. Other vehicles (including emergency vehicles) were either present or had been through the intersection when the various officers arrived. The officers observed both a scuff mark and scratch marks on the road surface, debris on the roadway, and observed both the damage to and the location of the vehicles in their resting place. Other marks were apparent in the intersection, but the officers concluded that these marks were made by vehicles not involved in the collision.
The single scuff mark was 26 feet long and the officers concluded that this mark was made by the semi. The officers also concluded that the scratch marks were left by studded snow tires on the rear of the pickup. There were no marks on Overland Trail Road. Based on the marks, the debris, and the damage to and the resting place of the vehicles, the officers were permitted to testify both as to the point of impact and the direction of travel of the semi and the pickup. In their opinion, the semi was eastbound on Highway 287 and the pickup was northbound on Overland Trail Road prior to the collision.
The guardian contends that admission of this testimony was error because there was insufficient physical evidence to support these opinions and thus the opinions represented pure conjecture. We disagree.
While additional physical evidence might have provided further support for the officers' opinion as to the point of impact and the direction each vehicle was traveling prior to the collision, the lack of such evidence was not a proper ground for excluding the officers' testimony. Rather, the absence of other physical evidence and the fact that other vehicles left marks in the highway were proper subjects for cross-examination. And, the basis for and the weight to be given the officers' opinion on this issue were properly left to the jury for resolution. Dolan v. Mitchell, 179 Colo. 359, 502 P.2d 72 (1972); see also Starkey v. Bryan, 166 Colo. 43, 441 P.2d 314 (1968); McNelley v. Smith, 149 Colo. 177, 368 P.2d 555 (1962).

III. Other Alleged Errors

The instruction relative to the legal requirement for a driver to obey a stop sign was proper in view of the admissibility of Shaver's testimony. Moreover, under the circumstances of this case, we find no reversible error in the form of the proximate cause instruction given to the jury.
*1336 Also, contrary to the guardian's contention, we find sufficient evidence in the record from which to infer that the repair slips offered by Bray and admitted into evidence were for repairs which proximately resulted from the accident, and thus the damage claim of Bray was properly presented to the jury for resolution. And, the jury was correctly instructed that it could award a reasonable rental for Bray's loss of use of the semi regardless of whether another truck was actually rented to replace it. Buchanan v. Leonard, 127 F.Supp. 120 (D.Colo.1954).
Finally, the trial court did not err in reducing the verdict against all defendants by $14,445 based on payments to plaintiff by Wise's insurance carrier pursuant to the Colorado Auto Accident Reparations Act, § 10-4-701, et seq., C.R.S.1973. See Pino v. Martinez, Colo.App., 574 P.2d 518 (1973). No issue of indemnification as between these defendants was presented to the jury for resolution. See Ringsby Truck Lines, Inc v. Bradfield, Colo., 563 P.2d 939 (1977). Nor does the Uniform Contribution Among Tortfeasors Act apply, see Colo. Sess. Laws 1977, ch. 195, § 13-50.5-101, et seq., at 808, because final judgment was entered prior to July 1, 1977. In Re question Submitted by the United States District Court [Coniaris v. Vail Associates, Inc.], Colo., 586 P.2d 224, (Nos. 28129 and C-1554 announced October 23, 1978).
We have considered the guardian's contentions relative to the other errors alleged to have occurred at trial and find them either to lack merit or not to warrant reversal.
Judgments Affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.