James K. WISE, Jr., by and through his
guardian and next friend, James K.
Wise, Petitioner,

v.

Lynda D. HILLMAN, Bray Lines, Inc.,
and Gerald Wayne Shaver,
Respondents.

No. 79SC6.

Supreme Court of Colorado,
En Banc.

Feb. 23, 1981.

Fischer & Wilmarth, Elery Wilmarth and Allen R. Schwartz, Fort Collins, Blunk & Johnson, Forrest S. Blunk and James D. Johnson, Denver, for petitioner.

Anderson & Sommermeyer, Mayo Sommermeyer, Fort Collins, for respondent, Lynda D. Hillman.

Law Offices of John Walberg, Don D. Jacobson, Denver, for respondents, Bray Lines, Inc., and Gerald Wayne Shaver.

ROVIRA, Justice.

We granted certiorari to review the opinion of the Colorado Court of Appeals in *Hillman v. Bray Lines, Inc.*, 41 Colo.App. 493, 591 P.2d 1332 (1978), which affirmed the judgment of the trial court. We affirm.

The petitioner, James K. Wise, was a defendant in a negligence action instituted by Lynda D. Hillman. He had been the driver of a pickup truck in which Hillman was the passenger when it collided with a semitrailer truck driven by respondent Gerald W. Shaver in or near the intersection of U. S. Highway 287 and Overland Trail Road near Laporte, Colorado. Wise and Hillman were seriously injured in the accident, and Shaver's truck was damaged. Wise's neurological disability, as a result of the acci-

dent, caused him to be declared mentally incompetent, prevented him from testifying, and required that he be represented by a guardian at trial.

Shaver was joined as a codefendant in the Hillman suit along with his employer, the respondent Bray Lines, Inc. (Bray), based on Bray's *respondeat superior* liability. Cross claims were filed by Bray against Wise and by Wise against Shaver and Bray, each claimant contesting whether it was responsible for causing the accident at issue. The cross claimants offered evidence to support competing explanations of the circumstances of the collision. The jury, in a special verdict, found defendant Wise seventy-five percent negligent and defendants Shaver and Bray twenty-five percent negligent.

According to the petitioner's retained accident reconstruction expert, Dr. William Knott, Wise's pickup truck and Shaver's semi had been driving parallel to each other eastbound on U. S. 287 when the semi, which was passing the pickup, struck it at a point behind its center of gravity, swinging it across the front of the semi and, after shoving it sideways for a distance, pushed it into the path of westbound automobile near the intersection of U. S. 287 and Overland Trail. The petitioner was unable to offer any eyewitness account of the accident to corroborate this reconstruction of events. However, among other circumstantial evidence offered to support his theory of the case, petitioner's counsel elicited testimony during his cross-examination of Hillman that she could not remember being on Overland Trail on the night of the accident, that the couple had no reason to be on Overland Trail, that the route they were taking home toward Fort Collins was straight along U. S. 287, and that, up to a point within a few blocks of the scene of the accident, they had not left U. S. 287. Hillman had no memory of the actual impact which caused her injuries.

An expert retained by Bray and Shaver, Dr. Ronald J. Hensen, was of the opinion that the collision was caused by the pickup's

northbound entry onto U. S. 287 from Overland Trail, so that the vehicles were traveling at a perpendicular angle when the broadside impact from Shaver's semi at the intersection of the roads propelled Wise's vehicle into the path of the oncoming car. This "broadside" account of the accident was in accord with eyewitness testimony from the driver of a car who had observed the accident while driving westbound on U. S. 287.

The relative position of the vehicles at the time of impact was the most crucial factual question raised in the litigation. Shaver had either been using lanes carelessly, or Wise had failed to enter the intersection carefully in disregard of a stop sign on Overland Trail. Other matters involving comparative negligence have not been raised in this appeal.

The petitioner argues that reversible error was committed by the admission of certain other testimony which corroborated Shaver's and Bray's theory of the case: (1) despite petitioner's objection alleging violation of the "dead man's" statute, section 13–90–102, C.R.S. 1973, Shaver was allowed to testify to his recollection of the paths of the vehicles at the time of first impact, and (2) investigating police officers were allowed to give opinion testimony on the same subject.

## I.

### The Dead Man's Statute

At common law, there was a general rule that the testimony of all parties to a lawsuit and of all persons who stood to gain or lose by the outcome of the case was excluded as incompetent. *McCormick, Handbook of the Law of Evidence* § 65 (2d ed. 1972); *Jones, Law of Evidence* § 20:15 (6th ed. 1972). Under usual circumstances, one was thought unfit to bear witness to the truth when self-interest inspired the telling of profitable lies.

This "most drastic of the common law rules of incompetency" has been abolished in Colorado. *McCormick, supra,* at 142. *See* section 13–90–101, C.R.S. 1973. In its

place, the legislature adopted what is known as a "dead man's" statute. *See* section 13–90–102, C.R.S. 1973. With certain important exceptions, parties and other interested persons are now barred from testifying "when any adverse party sues or defends as the trustee or conservator of a mentally incompetent person, or as the executor or administrator, heir, legatee, or devisee of any deceased person, or as guardian or trustee of any such heir, legatee, or devisee . . . ." Section 13–90–102(1), C.R.S. 1973 (1979 Supp.). This statute performs the traditional function of guarding against perjury by protecting the mentally incompetent and the estates of decedents from unjust claims. Its purpose is to promote equal justice between the parties at trial by excluding evidence which might otherwise be relevant; in other words, it is intended "to place parties on an equal footing." *Berger v. Coon,* Colo., 606 P.2d 68, 69 (1980).

No one questions here that because of his neurological injury, Wise was entitled to assert the dead man's statute as a bar. The issue we address is whether he waived the benefit of the statute.

The plaintiff Hillman and the codefendants Bray and Shaver were similarly situated as parties whose interests were *adverse* to the petitioner. They had real, direct, pecuniary interests in the subject matter and outcome of the action at hand—standing to gain or lose in relation to the petitioner by whatever judgment was handed down. All parties at the same time had discrete concerns which might entail different tactical calculations in presenting their cases.

The petitioner admits that he waived the statutory bar as to Hillman by allowing her to testify without objection on direct examination about the events which led up to the accident at issue. Beyond any reasonable dispute, the petitioner took advantage of the resulting opportunity to cross-examine Hillman by eliciting favorable testimony in support of his theory of the case. *See Jones, supra,* § 20:46.

 We agree with the court of appeals that this is a situation which comes

within the well-established rule that the examination of one witness who is incompetent under the dead man's statute operates as a waiver of incompetency as to other adverse witnesses, where the testimony of the adverse witness is offered after the examination of the first witness and relates to matters testified to by the first witness. *See* Annot., 33 A.L.R.2d 1440; *Jones, supra,* § 20:42. The statute itself creates the relevant exception to its exclusory effect at section 13–90–102(1)(c), C.R.S. 1973:

"When, in any such action, suit, or proceeding, any such party [entitled to the benefit of the statute] suing or defending or *any person having a direct interest in the event of such action, suit, or proceeding testifies in behalf of such party so suing or defending to any conversation or transaction with the opposite party or parties in interest,* then such opposite party in interest shall also be permitted to testify as to the same conversation or transaction." (Emphasis added.)

It is arguable that under a technical interpretation of this statutory language, Hillman did not testify "in behalf of" the petitioner because he had not called her to the stand as an adverse witness. But we find such an interpretation strained and, under the circumstances of this case, out of keeping with the statutory purpose.

■ Hillman's testimony favored the petitioner. She gave evidence on the most critical factual aspect of his claim against Shaver and Bray—the direction in which his car was traveling when the accident took place. Not to allow Shaver to testify about his own recollections would be to place the petitioner in a much more favorable posi-

tion to prosecute his claim than the legislature intended.

"He for whose protection the statute was enacted may not juggle with it. He may not claim it in part and waive it in part as suits his convenience. Otherwise this act, passed for the purpose of preventing fraud, might become the instrument of fraud." *Zackheim v. Zackheim,* 75 Colo. 161, 225 P. 268 (1924).

We hold that petitioner waived his right to benefit from the statute and that, consequently, Shaver's testimony about the same transaction was admissible for all purposes at trial.[1] Unless it is provided otherwise by statute or by rule, every person with personal knowledge of the matter on which he is to testify is competent to be a witness. C.R.E. 601 and 602. Section 13–90–101, C.R.S. 1973.

## II.

### *Testimony of the Police Officers*

Petitioner argues that three state patrolmen who investigated the scene of the collision at issue were not qualified to express opinions about the manner in which they believed the accident took place because they did not qualify as experts in accident reconstruction and because their testimony related to the ultimate fact in issue. We do not agree.

■ The sufficiency of evidence to establish the qualification and knowledge of a witness to express an opinion based upon physical facts he has observed is a question to be determined by the trial court and is not subject to reversal unless clearly shown to be erroneous.[2] *Atencio v. Torres,* 153

---

1. The trial court had instructed the jury to consider Shaver's testimony only as to Hillman's claim. We find such a limiting instruction unnecessary in light of our interpretation of section 13–90–102(1)(c), C.R.S. 1973.

We note that the legislature has expanded the number of circumstances which might lead to an implied waiver of the statute by its passage of Colo.Sess.Laws 1977, ch. 200, 13–90–102 at 822. For transactions arising after July 1, 1977, "[o]nce *any witness has been permitted to testify* concerning a conversation or transaction with a deceased or incompetent

person, then this section does not apply to rebuttal evidence in any form." Section 13–90–102(1.5), C.R.S. 1973 (1979 Supp.) (emphasis added).

2. By pretrial motion, petitioner sought to bar the testimony of the investigating patrolmen that Wise's car drove past a stop sign without stopping and to limit their testimony to "only those facts which they observed at the time of the accident involved herein." In denying this motion, the trial court correctly ruled that the policemen could express their opinions at trial if a proper foundation was laid. Our review of

Colo. 507, 385 P.2d 659 (1963); *Bridges v. Lintz*, 140 Colo. 582, 346 P.2d 571 (1959). The evidence in this case demonstrates that the officers performed a competent accident investigation, that their opinions were based on their experience, training, and actual observations, and that they were not improperly influenced by hearsay statements of people at the scene of the accident. *See McNelley v. Smith*, 149 Colo. 177, 368 P.2d 555 (1962). We concur with the view of the court of appeals that "the basis for and the weight to be given the officers' opinion on this issue were properly left to the jury for resolution." 41 Colo.App. 493, 591 P.2d at 1335. *Dolan v. Mitchell*, 179 Colo. 359, 502 P.2d 72 (1972); *Bridges v. Lintz, supra*. See C.R.E. 702 and 704.

The investigation of any complex accident may be criticized for being less than perfect and, particularly where interest is at stake, argued to be positively misleading. Such arguments are for the trial court. "The true test would seem to be whether the subject is sufficiently complex so as to be susceptible to opinion evidence, and, secondly, whether the witness is properly qualified to give his opinion. These difficult determinations are before the trial court and should not be disturbed on review unless they are shown to have been palpably erroneous rulings." *Bridges v. Lintz, supra*, 140 Colo. at 590, 346 P.2d at 575. The court of appeals and this court, in reviewing the present record, have not found errors so manifest as to justify reversal.

The judgment of the court of appeals is affirmed.

DUBOFSKY, J., does not participate.

---

the record demonstrates that a foundation of competency to express an opinion was established before each officer was allowed to testify on the issues at hand. They did not testify that they believed that Wise "ran" the stop sign controlling the intersection of U. S. 287 and Overland Trail. Their testimony was limited by the nature of their qualifications and was, therefore, admissible.