Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
September 24, 2018

**2018 CO 80**

**No. 16SC676, <u>Estate of Daniel Brookoff, M.D., v. Clark</u> — Statutory Interpretation —
Dead Man's Statute.**

In this case, the supreme court interprets Colorado's Dead Man's Statute in light
of recent amendments that removed language limiting the statute's applicability to
matters in which a decedent's estate was a party. Discerning no ambiguity in the current
version of the statute, the court holds that these amendments expanded the scope of the
statute such that it now applicable "in all civil actions." The court also holds that because
the statute applies irrespective of the potential impact of a judgment on an estate, the
existence of insurance coverage is not a factor militating for or against the applicability
of the Dead Man's Statute.

**The Supreme Court of the State of Colorado**

2 East 14th Avenue • Denver, Colorado 80203

---

**2018 CO 80**

---

**Supreme Court Case No. 16SC676**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA1131

---

**Petitioner:**

Estate of Daniel Brookoff, M.D.,

v.

**Respondent:**

Alexander Clark.

---

**Judgment Reversed**
*en banc*
September 24, 2018

---

**Attorneys for Petitioner:**
Davis Graham & Stubbs LLP
Shannon Wells Stevenson
    *Denver, Colorado*

**Attorneys for Respondent:**
Avery Law Firm
James W. Avery
    *Denver, Colorado*

**Attorneys for Amici Curiae Colorado Defense Lawyers Association and Colorado Civil Justice League:**
Sweetbaum Sands Anderson PC
Marilyn S. Chappell
    *Denver, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1 Colorado's "Dead Man's Statute" has served since 1870 to prevent a party in a case from offering self-serving uncorroborated testimony about statements made by a person who cannot come into court and confirm or rebut that testimony. The statute has been amended many times over the years, most recently in 2002 and 2013. These recent amendments expanded the scope of the Dead Man's Statute, removing language that limited its application to only certain types of cases. Today, self-serving testimony from a party about what a now-deceased person allegedly once said is permitted "in any civil action" only when specific, statutorily-prescribed conditions are met. Because the language of the statute is clear, we reverse the contrary decision of the court of appeals. In so doing, we reject the "insurance exception" employed by the court of appeals to allow an interested person to provide uncorroborated testimony regarding oral statements made by a deceased person.[1]

**I.**

¶2 Alexander Clark brought the underlying medical malpractice lawsuit against the estate of his late pain management specialist, Dr. Daniel Brookoff. Clark claims that

---

[1] We granted certiorari to review the following issues:

1. Whether the court of appeals erred in holding that Colorado's Dead Man's Statute, section 13-90-102, C.R.S. (2016), which applies in "any civil action," in fact applies only in cases involving the potential diminishment of an estate.

2. Whether the court of appeals erred in holding that the Dead Man's Statute does not apply where insurance coverage may be available to satisfy a potential judgment.

2

Dr. Brookoff negligently prescribed a prolonged course of ketamine to alleviate Clark's chronic pain and that Dr. Brookoff did not adequately inform his patient (then a minor) of the risks associated with the drug. Clark claims that his consumption of ketamine caused neurological and urological damage.

¶3 Prior to trial, Clark indicated that he intended to present testimony about conversations he and his mother had with Dr. Brookoff prior to and during treatment. The Estate responded by filing a motion to exclude such evidence in accordance with Colorado's Dead Man's Statute, section 13-90-102, C.R.S. (2018).[2] The trial court agreed

---

[2] The statute in effect in 2016 is identical to the current version, which reads, in pertinent part, as follows:

> (1) Subject to the law of evidence, in any civil action or proceeding in which an oral statement of a person incapable of testifying is sought to be admitted into evidence, each party and person in interest with a party shall be allowed to testify regarding the oral statement if:
>
> (a) The statement was made under oath at a time when such person was competent to testify;
>
> (b) The testimony concerning the oral statement is corroborated by material evidence of a trustworthy nature;
>
> (c) The opposing party introduces uncorroborated evidence of related communications through a party or person in interest with a party; or
>
> (d) Such party or person testifies against his or her own interests.
>
> . . .
>
> (3) For purposes of this section:
>
> . . .
>
> (b) "Person incapable of testifying" means any decedent or any person who is otherwise not competent to testify.

3

that the anticipated testimony was inadmissible. The court found that Clark was a "party" and his mother was a "person in interest with a party," and that none of the statutory provisions that would permit testimony about what Dr. Brookoff had said before or during treatment were satisfied as to either person. Unable to introduce that testimony, Clark abandoned his informed consent claim, and the case proceeded to trial on his negligence claim. After judgment was entered in favor of the Estate, Clark appealed the order prohibiting him or his mother from testifying about their conversations with Dr. Brookoff.

¶4    The court of appeals reversed the trial court's decision to bar this testimony and remanded the case for a new trial on Mr. Clark's informed consent claim. Clark v. Estate of Brookoff, No. 14CA1131 (Colo. App. Aug. 4, 2016) (not published pursuant to C.A.R. 35(f)). In so doing, the appellate division relied on case law predating the 2002 and 2013 amendments to the Dead Man's Statute to conclude that, despite its current language, the statute is not applicable "in any civil action" but only when the outcome of a proceeding will increase or diminish an estate. Id. at 3. Because Dr. Brookoff had an insurance policy, the court of appeals asserted that any liability would be covered by insurance and thus would not diminish his estate. The court therefore declined to apply the Dead Man's Statute. Following denial of its petition for rehearing, the Estate petitioned for certiorari. We granted the petition.

## II.

¶5    We review issues of statutory interpretation, such as those presented here, de novo. See Vallagio at Inverness Residential Condo. Ass'n, Inc. v. Metro. Homes, Inc.,

4

2017 CO 69, ¶16, 395 P.3d 788, 792. When interpreting a statute, we must give full effect to the intent of the legislature. Aetna Cas. & Surety Co. v. McMichael, 906 P.2d 92, 97 (Colo. 1995); see also § 2-4-201, C.R.S. (2018). It is our duty to interpret statutory terms in accordance with their plain and ordinary meaning. Aetna Cas. & Surety Co., 906 P.2d at 97. In so doing, we look first to the language of the statute. See Vigil v. Franklin, 103 P.3d 322, 327 (Colo. 2004). If the statutory language is clear and unambiguous, we apply it as written—venturing no further. See Vallagio, ¶16, 395 P.3d at 792.

¶6     When we interpret a statute that has been amended, we presume the statutory amendment reflects the legislature's intent to change the law. See Darby v. All J Land & Rental Co., 821 P.2d 297, 298 (Colo. 1991). Moreover, just as this court is "not at liberty to carve out an exception" that is absent from a statute, it is similarly impermissible for us to re-insert language of limitation stricken by the General Assembly. Packard v. Packard, 519 P.2d 1221, 1222 (Colo. App. 1974); see also In re Bourquin's Estate, 269 P. 903, 904 (Colo. 1928) (rejecting an argument that would require the court "to add an important qualification or exception to the statute which we have no right to do"). We have long recognized that we may not write special limitations into a statute as "[t]hat is a function of the legislature and not the courts." Packard, 519 P.2d at 1222.

## III.

¶7     A little history may be helpful here. Prior to enactment of the Dead Man's Statute, Colorado common law prohibited a party to an action from testifying on his or her own behalf in any manner in a court proceeding. See Glover v. Innis, 252 P.3d 1204, 1210 (Colo. App. 2011). The Dead Man's Statute replaced that absolute bar, permitting

5

testimony by interested persons except in specific instances provided by the statute. Id. Among other things, the legislature retained the prohibition on self-serving and uncorroborated testimony from a party about statements allegedly made by a person who is not capable of responding to that testimony with his or her own recollections.

¶8 The Dead Man's Statute thus shares the same objective as the common law rule it supplanted, namely, to protect against perjury by parties who "might slant their testimony in their own favor if they were permitted to testify about a transaction or event, without fear of contradiction by the deceased." Id. (citing Herbert E. Tucker, Colorado Dead Man's Statute: Time for Repeal or Reform?, 29 Colo. Law. 45, 45 (Jan. 2000)); see also Breeden v. Stone, 992 P.2d 1167, 1175 (Colo. 2000) (identifying the broad purpose of the Dead Man's Statute as guarding "against perjury by living interested witnesses when deceased persons cannot refute the testimony"); Wise v. Hillman, 625 P.2d 364, 366 (Colo. 1981) (stating that the Dead Man's Statute's "purpose is to promote equal justice between the parties at trial by excluding evidence which might otherwise be relevant . . . to place parties on an equal footing") (quoting Berger v. Coon, Colo., 606 P.2d 68, 69 (Colo. 1980). In other words, the rule is a prophylactic measure designed to prevent perjury and foil false claims.

¶9 For many decades, the Dead Man's Statute was exclusively applicable in matters in which a decedent's estate was a party. See, e.g., C. 177, § 2 C.S.A. (1935) (stating that the rule applied "when any adverse party sues or defends as . . . the executor or administrator, heir, legatee or devisee of any deceased person"); § 13-90-102(1), C.R.S. (2001) (limiting application of the rule to an action in which "any adverse party sues or

6

defends as . . . the executor or administrator, heir, legatee, or devisee of any deceased person").

¶10 In 2002, the General Assembly amended the statute, removing the language that limited its application to suits involving executors and administrators of estates. As modified, the Dead Man's Statute applied to "any civil action by or against a person incapable of testifying." See Ch. 13, sec. 1, § 13-90-102(1), 2002 Colo. Sess. Laws 31, 31-32. In 2013, the General Assembly once again amended the statute, striking yet another limitation: namely, that the civil action must be one "by or against a person incapable of testifying." See Ch. 190, sec. 1, § 13-90-102(1), 2013 Colo. Sess. Laws 766, 766-67. Therefore, since 2013, the Dead Man's Statute has been applicable "in any civil action." § 13-90-102(1), C.R.S. (2018). Nothing in the current statute limits this broad language or suggests that the law is in fact intended to apply only in a subsection of civil proceedings. See id.

¶11 Given this lack of ambiguity, we decline Clark's invitation to look beyond the plain language of section 102(1) to discern the scope of its applicability, and we disagree with the court of appeals' decision to impose limitations recently removed by the legislature.

¶12 The mistake that the court of appeals appears to have made in limiting the application of the Dead Man's Statute was in relying on case law interpreting a pre-amendment version of the law. In particular, the court relied on In re Estate of Crenshaw, which held that "[t]he dead man's statute has been construed as providing protection for the benefit of an estate; consequently, where the result of a proceeding can neither increase nor diminish the estate, the statute is inapplicable." 100 P.3d 568, 570 (Colo.

7

App. 2004). But Crenshaw was interpreting a prior version of the Dead Man's Statute that applied only to claims involving estates. Id. at 569; see also § 13-90-102, C.R.S. (2001) ("No party to any civil action . . . shall be allowed to testify . . . when any adverse party sues or defends as . . . the executor or administrator . . . of any deceased person . . . .").

¶13 In concluding that the Dead Man's Statute does not apply when insurance covers liability and there is no real risk of diminishment of the estate, the court of appeals assumed that Crenshaw's limitation was still good law. But to apply the Crenshaw rule to the post-2013 version of the statute is to resurrect a limitation that was removed by the General Assembly. It was therefore error for the court of appeals to extrapolate from Crenshaw a so-called "insurance exception" to the Dead Man's Statute. Such an exception finds no footing in the statutory language before us or anywhere else in Colorado law. We cannot ignore the deletion of language limiting the applicability of the Dead Man's Statute to a subset of civil actions, and we find no reason to doubt that the legislature's action was knowing and intentional. See Packard, 519 P.2d at 1222; In re Bourquin's Estate, 269 P. at 905.

## IV.

¶14 We hold that the Dead Man's Statute is applicable "in all civil actions." Because the statute applies irrespective of the potential impact of a judgment on an estate, we also hold that the existence of insurance coverage is not a factor militating for or against the applicability of the Dead Man's Statute. We therefore reverse the decision of the court of appeals.

8