588 P.2d 386 (1978)
George L. COON and Maxine Coon, Plaintiffs-Appellants,
v.
Milton BERGER, Special Administrator of the Estate of Charles Ginsberg, Deceased, Defendant-Appellee.
No. 77-909.
Colorado Court of Appeals, Division I.
September 28, 1978.
As Modified On Denial of Rehearing November 16, 1978.
Certiorari Granted December 26, 1978.
Edward Olin Venable, Greeley, for plaintiffs-appellants.
*387 Almon & Barsotti, Edward B. Almon, Jacob H. Chisen, Denver, for defendant-appellee.
SMITH, Judge.
In 1969 George and Maxine Coon brought an action against Charles Ginsberg, an attorney, alleging professional malpractice. Judgment was entered upon a jury verdict in favor of the Coons, but, upon appeal, the judgment was reversed and the cause was remanded for a new trial. See Coon v. Ginsberg, 32 Colo.App. 206, 509 P.2d 1293 (1973). A second trial resulted in a deadlocked jury. Prior to the third trial, a motion for summary judgment was granted in favor of defendant as to the second claim for relief. On appeal by plaintiffs, we reverse and remand that claim for a new trial.
The defendant Ginsberg testified in the course of the first trial and was cross-examined by the Coons. Ginsberg's ill health did not allow him to testify at the second trial, but a complete transcript of his previous testimony was read into the record. In May of 1975, Ginsberg died, and before a third trial date was scheduled Ginsberg's administrator, Milton Berger, who had been substituted for Ginsberg as defendant, moved for summary judgment relying upon the testimonial preclusion of the "Dead Man's Statute," § 13-90-102, C.R.S.1973.
Neither party filed affidavits in support of or in opposition to the motion. After an informal hearing, the motion was granted based upon the court's conclusion that, because the Dead Man's Statute bars the Coons from testifying on their own behalf as to the circumstances giving rise to their claim against Ginsberg, their case was not probable. The primary issue on appeal is, whether the Coons may testify once Ginsberg's prior testimony has been introduced at trial. We conclude that the court below erred in ruling that the Coons were automatically precluded from testifying.
The trial court based its judgment on the interpretation of the prohibitory clause of the Dead Man's Statute contained in Levy v. Dwight, 12 Colo. 101, 20 P. 12 (1888). Analysis of Levy reveals that there the trial court permitted the plaintiff, over defendant's objection, to prove that, in an earlier trial of plaintiff's action, testimony of the deceased defendant had been transcribed. The trial court then permitted plaintiff to testify in his own behalf. Upon appeal, two Supreme Court Commissioners concurred in an opinion expressing the view that it had been error for the trial court to allow plaintiff to testify in his own behalf without first receiving into evidence the transcribed testimony of the deceased party. Although a third Commissioner dissented, the Supreme Court adopted the opinion of the two Commissioners and reversed per curiam. Levy thus stands for the narrow proposition that prior testimony of a decedent preserved in writing does not qualify a living plaintiff to testify in his own behalf unless the decedent's prior testimony is first received into evidence.
The majority Commissioners' opinion in Levy goes further, however, and undertakes to discuss what they presume the effect of the Dead Man's Statute would have been if the prior testimony of the decedent had been introduced by the plaintiff on the one hand, or by the defendant on the other. They expressed the view that where a decedent had previously testified, either party could introduce such testimony at a subsequent trial, but only if the decedent's representative introduced the prior testimony could the plaintiff, the adverse party, testify, and then only as to matters within the decedent's prior testimony. Thus, they concluded that if the plaintiff introduced the transcript in his case against decedent's personal representative, the plaintiff could not testify, over objection, in his own behalf even as to matters encompassed within the decedent's testimony. However, this discussion is totally hypothetical in character since the transcript was never offered by either party.
Since prior opinion is only stare decisis on the point decided, any expression of opinion on a question not necessary for the decision is merely obiter dictum, and is not, in any way, controlling upon later decisions. *388 Young v. People, 54 Colo. 293, 130 P. 1011 (1913). We are not bound therefore by the gratuitous discussion in Levy, but rather must now rule for the first time in Colorado on the specific point.
The statute which controls this question, § 13-90-102(1)(e), C.R.S.1973, provides that where the deposition of a deceased person is read into evidence at the trial, any adverse party in interest may testify as to all relevant and competent matters testified to in such deposition by the deceased person. Admittedly, the plaintiffs here were not competent witnesses in their own behalf under this section, unless they were rendered competent by virtue of the testimony of the decedent being available for use as evidence at the trial. Plaintiffs advised the court that they intended to introduce the prior testimony of Ginsberg at the upcoming trial.
The basic purpose of the Dead Man's Statute is to prevent the living party from exercising undue advantage over the estate of the deceased party. However, this purpose does not exist when the decedent has previously testified in opposition to plaintiff's claim and that identical claim is being properly pursued again after decedent's death.
When the previous testimony of the deceased party is available to his estate and to the court, both parties are in an equal position before the tribunal. Hence, the General Assembly included in the statute the above stated exception allowing limited testimony by the adverse party.
To read a further limitation on such testimony into the statute would in our view do violence to the evident purpose of the law, and would place the claimant at a decided disadvantage and might operate to defeat a just and honest claim due him from a decedent's estate. The Dead Man's Statute is designed only to place both parties upon an equal footing insofar as it is possible to do so, and this purpose is fully accomplished when the personal representative has the same opportunity to defeat the claim as did the decedent while alive. The availability to either party of decedent's prior testimony on the matter in controversy satisfies this requirement.
We are thus persuaded that, under the circumstances presented here, equality of the parties is best served by permitting either party to testify when a decedent's recorded testimony has been admitted. Such testimony, however, is limited in scope to relevant and competent matters encompassed within the decedent's prior testimony.
The view we adopt here is in accordance with the case of Turner v. Black, 19 Ill.2d 296, 166 N.E.2d 588 (1960), where, in a similar fact situation, the court reached the same conclusion under a substantially identical statute. A number of other jurisdictions which have considered the question have also arrived at the same result. Cohen v. Glickman, 300 So.2d 318 (Fla.Dist.Ct.App. 1974); DeMott v. Dillingham, 512 S.W.2d 918 (Mo.App.1974); McCormick v. Rhoades, 357 S.W.2d 595 (Tex.Civ.App.1962); Sweet v. Markwart, 158 Cal.App.2d 700, 323 P.2d 192 (1958); In re Dougherty's Estate, 27 Wash.2d 11, 176 P.2d 335 (1947); Goehring v. Dillard, 145 Ohio St. 41, 60 N.E.2d 704 (1945). We conclude that either party may offer decedent's recorded testimony into evidence, and that thereafter claimant may become a competent witness on his own behalf as herein limited. The Coons would therefore have been competent to testify concerning their claim insofar as decedent's prior preserved testimony dealt with that matter, and since that testimony might have sustained their claim, the trial court erred in granting summary judgment for defendant.
The judgment is reversed and the cause remanded to the trial court with directions to reinstate plaintiff's second claim for relief and for further proceedings in accordance herewith.
COYTE and BERMAN, JJ., concur.