## No. C-1772

**Milton Berger, Special Administrator of the Estate of Charles Ginsberg, deceased v. George L. Coon and Maxine Coon**

(606 P.2d 68)

Decided February 4, 1980.

Almon and Barsotti, Edward B. Almon, Jacob H. Chisen, for petitioner.

David Burnell Smith, for respondents.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

We agreed to review on certiorari the opinion of the court of appeals in *Coon v. Berger,* 41 Colo. App. 358, 588 P.2d 386 (1978). We affirm.

The respondents, the Coons, were plaintiffs in a malpractice against Charles Ginsberg, an attorney. In the first trial they received a favorable verdict, but after an appeal a retrial was ordered. At the second trial Ginsberg's illness prevented him from testifying, and a transcript of his previous testimony was read to the jury. The Coons testified at the first and second trials. The second trial resulted in a deadlocked jury. Ginsberg died prior to the third trial, and the petitioner here is the special administrator of his estate. The trial court granted a summary judgment in favor of the administrator, holding that the Coons were prevented from testifying by the "Dead Man's Statute," section 13-90-102, C.R.S. 1973. The court of appeals reversed and remanded the matter to the trial court with directions to reinstate the claim which has been dismissed by the summary

judgment.

Since the death of Ginsberg, the principal issue has been whether the holding of *Levy v. Dwight,* 12 Colo. 101, 20 P. 12 (1888) forecloses any possibility of testimony by the Coons. In *Levy* the plaintiff had recovered a judgment against the defendant in the county court. The defendant appealed to the district court and, prior to trial *de novo* there, the defendant died. After it was shown that the defendant's testimony in the county court had been taken and transcribed, the plaintiff was allowed to testify. The transcript of defendant's testimony was not offered in evidence. The plaintiff recovered judgment in the district court. On appeal to this court, the judgment was reversed by reason of error in permitting the plaintiff to testify.

As pointed out by the court of appeals in the present case, this court in *Levy* went beyond the facts of the case and stated that, even if the plaintiff had been successful in introducing the transcript of the defendant's testimony, this would not have made the plaintiff a competent witness in his own behalf under the Dead Man's Statute. The court of appeals regarded that statement as *obiter dictum* and ruled that as such it is not controlling precedent as to whether the Coons might testify.

■ The holding by the court of appeals was that the Dead Man's Statute did not prevent the Coons from testifying if Ginsberg's testimony were first admitted in evidence. The court of appeals added that Coons' testimony should be limited to "relevant and competent matters encompassed within the decedent's prior testimony." Its opinion sets forth that the purpose of the Dead Man's Statute is to attempt to maintain equality between parties at trial through limitations upon admissibility of evidence, thereby promoting justice. It concluded that to use the *Levy dictum* in this case would place justice in imbalance rather than balance.

We affirm the court of appeals' ruling as to the Dead Man's Statute and agree with the court's reasoning that so permitting the Coons to testify fulfills the purpose of that statute to attempt to place parties on an equal footing.

■ By analogy, we find further support for the court of appeals' decision in C.R.C.P. 43 and C.R.E. 804(b)(1). C.R.C.P. 43 addresses generally the subject of evidence. C.R.C.P. 43(a) states specifically that the statute or rule which favors the reception of evidence governs. See C.R.C.P. 32(a).

■ C.R.C.P. 43(b) is directed at the scope of witness examination and cross-examination. It broadly defines the scope so as to guarantee to all parties similar access to and examination technique for all witnesses, including adverse parties.

"(b) Scope of Examination and Cross-Examination. A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party or an officer, director, employee, or managing agent

of an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also, and may be cross-examined by the adverse party only upon the subject matter of his examination in chief." C.R.C.P. 43.

The adoption of the Colorado Rules of Evidence expands upon C.R.C.P. 43(b). *Cf.* 5 *Moore's Federal Practice* § 43.01 (2d ed. 1948). C.R.E. 804(b)(1) speaks particularly to the issue presented here. Within the context of the hearsay rule, it delineates the foundation requirements necessary to admission of former testimony by a witness since deceased:

"(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

"(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." C.R.E. 804(b)(1).

■ The policy underlying the Colorado Rules of Evidence, and in particular C.R.E. 804(b)(1), is similar to that expressed in C.R.C.P. 43: to guarantee to each party an opportunity to present the testimony of adverse witnesses and to favor admissibility of their testimony so as to ascertain the truth within the bounds of fairness. C.R.E. 102. Under C.R.E. 804(b)(1) fidelity to fairness requires as a foundation to admission of former testimony of a witness now deceased both a prior opportunity by the party against whom the prior testimony is offered to develop the offered testimony, and a similar motive to do so. *See generally,* 11 *Moore's Federal Practice* § 804.04 (2d ed. 1948). If these foundation requirements are satisfied, so also are the testimonial safeguards of the Dead Man's Statute discussed in the court of appeals' opinion.

By our affirmance of the court of appeals, after remand the trial court still must apply rules of admissibility not discussed here, *e.g.,* whether a transcript has been properly certified.

Judgment affirmed.