In re Bob R. LYNDE, Cheri L. Lynde, & LZP, Inc., Petitioners–Appellants.

In re Margaret RIENKS and the Estate of George Rienks, Jr., Oscar R. Lee, & James Michael Zachary, Respondents–Appellees.

No. 90–1035.

United States Court of Appeals, Tenth Circuit.

Jan. 7, 1991.

James D. Evans of James D. Evans, P.C., Aurora, Colo., for petitioners-appellants.

Harold A. Haddon and Norman R. Mueller of Haddon, Morgan & Foreman, P.C., Denver, Colo., for respondent-appellee Margaret Rienks.

Before SEYMOUR, BALDOCK, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

This is an appeal taken from the district court's January 29, 1990 order dismissing the petition for release of grand jury testimony of George W. Rienks, Jr., now deceased. Bob R. Lynde, Cheri L. Lynde, and LZP Inc. ("petitioners") base their appeal on the following grounds: (1) the trial court abused its discretion by not finding that petitioners had established the requisite particularized need warranting disclosure of the grand jury transcripts; (2) it was error for the trial court to presuppose the testimony would be inadmissible at a later state court trial; and (3) the trial court erred in considering the objection filed by Michael J. Zachary as he lacked standing to file such an objection in this action. We disagree with the above contentions and therefore affirm.

## I. BACKGROUND

On January 9, 1989, Margaret Rienks, widow of George W. Rienks, Jr., filed suit in the Denver District Court against Bob and Cheri Lynde, seeking to collect on a promissory note of which she is the holder. The note was originally executed by Bob and Cheri Lynde in favor of George W. Rienks, Jr. The promissory note had been executed and delivered as payment for stock in a Colorado Corporation ("LZP, Inc.") purchased by petitioners from George W. Rienks, Jr. Mr. Rienks subsequently died and Margaret Rienks succeeded to her husband's interest in the note. After the Lyndes failed to make payment under the note, Margaret Rienks commenced suit. Petitioners then filed a counterclaim asserting, *inter alia*, claims of misrepresentation and fraudulent concealment by George W. Rienks, Jr. relating to his alleged involvement in an illegal "kickback scheme" that artificially inflated the value of the LZP, Inc. stock at the time of sale.[2]

The Lyndes then requested the court to release the testimony of George W. Rienks, Jr. given at a grand jury proceeding prior to his death.[3] The motion for release of the grand jury testimony alleged that "[George W. Reinks, Jr.'s] testimony [was] needed for evidentiary purposes in a ... civil action ... wherein [the movants] are defending an action brought by the widow of George W. Rienks, Jr., Margaret Rienks, for the enforcement of a note," and that the grand jury testimony "would be extremely helpful to the movants' defense of their case." The district judge issued an order calling for objections from interested persons in opposition to the release of the transcripts. Two objections were filed, advancing substantially the same arguments, one by Margaret Rienks, and the other by Michael J. Zachary.[4] After considering the

2. In their amended counterclaim, petitioners contend: "The company records were initially overvalued because of the profits obtained through the kickback schemes. As such, the real value of LZP as presented to Lynde in 1979 was inflated by the kickback schemes."

3. *United States v. Gaudreau,* No. 87–CR–41. The grand jury proceedings and criminal prose-cutions involved in this matter have since been concluded.

4. Both objections addressed the high "particularized need" standard required for disclosure and the evidentiary hurdle of Colo.R.Evid. 804(b)(1), which would render the grand jury testimony inadmissible as hearsay in the pending civil trial. In addition, Mr. Zachary's objection stated: "The release of Mr. Rienks' testimony would violate Mr. Zachary's right of privacy in that it would make public potentially embarrassing statements about him which were given under a grant of immunity, with an assurance of confidentiality...."

objections, the district court entered an order denying the petition for release of George Rienks's grand jury testimony.[5] In its order, the district court ruled that disclosure of grand jury testimony requires a strong showing of particularized need and that petitioners had failed to make such a showing. The district court further stated that although it believed the transcripts would be relevant to the present civil action, it had "grave doubts that the jury would ever be permitted to see the statements," based on the uncontested assertion that the testimony would be inadmissible hearsay under Colo.R.Evid. 804(b)(1), thus "without value at trial."

## II. DISCUSSION

Rule 6(e) of the Federal Rules of Criminal Procedure codifies the traditional rules governing the disclosure of grand jury materials.[6] Subsection (C) of that rule authorizes courts, under certain circumstances, to order disclosure otherwise prohibited. One such exception to the general disclosure prohibition is that disclosure may be made "when so directed by a court prelimi-

In addition, a stipulation between petitioners and Gilbert Martinez was offered but not considered as the court did not find any relationship of Martinez to the action before it.

**5.** In this order, Judge Babcock acknowledged a similar petition filed by the government requesting disclosure of the grand jury transcripts from the same proceedings, including that of George W. Rienks, Jr. This motion was denied by Judge Richard P. Matsch in *United States v. Lee,* No. 87–CR–41 (D.Colo. Dec. 12, 1989). Judge Babcock ruled the present effort was not barred by *res judicata,* however, since petitioners were neither parties nor in privity with the moving party in the previous action. Margaret Rienks does not contest this ruling in the present appeal.

**6.** The relevant portions of Fed.R.Crim.P. 6(e) read as follows:

(e) Recording and Disclosure of Proceedings.
. . . .
(2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as other-

narily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(C)(i).

In *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), the Supreme Court held "a court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion." *Id.* at 223, 99 S.Ct. at 1675. We therefore review the district court's denial of petitioners' request for disclosure under an abuse of discretion standard. *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 397, 79 S.Ct. 1237, 1239, 3 L.Ed.2d 1323 (1959); *United States v. Warren,* 747 F.2d 1339, 1347 (10th Cir.1984). In *Douglas Oil,* the Court also enunciated the proper standard for determining when the presumption against disclosure of grand jury matters can be overcome:

Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is great-

wise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.
(3) Exceptions.
. . . .
(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—
(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;
(ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury;
(iii) when the disclosure is made by an attorney for the government to another federal grand jury; or
(iv) when permitted by a court at the request of an attorney for the government, upon a showing that such matters may disclose a violation of state criminal law, to an appropriate official of a state or subdivision of a state for the purpose of enforcing such law.
If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.

er than the need for continued secrecy, and that their request is structured to cover only material so needed.

*Douglas Oil,* 441 U.S. at 222, 99 S.Ct. at 1674 (footnote omitted). The most significant of these factors is that the party seeking disclosure must sufficiently demonstrate the requisite "particularized need." *Id.* at 223, 99 S.Ct. at 1675; *United States v. Procter & Gamble Co.,* 356 U.S. 677, 683, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958); *United States v. Rising,* 867 F.2d 1255, 1260 (10th Cir.1989); *United States v. Evans & Associates Constr. Co.,* 839 F.2d 656, 658 (10th Cir.1988).

■ There is "a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *Procter & Gamble,* 356 U.S. at 681, 78 S.Ct. at 986 (1958); *Warren,* 747 F.2d at 1347 (10th Cir.1984); *see also Costello v. United States,* 350 U.S. 359, 362, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956); *United States v. Johnson,* 319 U.S. 503, 513, 63 S.Ct. 1233, 1238, 87 L.Ed. 1546 (1943). It is clear that disclosure of grand jury materials is appropriate only where the need for disclosure outweighs the public interest in the secrecy of the proceedings. *Douglas Oil,* 441 U.S. at 223, 99 S.Ct. at 1675; *Procter & Gamble,* 356 U.S. at 682, 78 S.Ct. at 986; *Evans & Assoc.,* 839 F.2d at 658. The burden of demonstrating this balance rests on the party seeking disclosure, *Douglas Oil,* 441 U.S. at 223, 99 S.Ct. at 1675, who must also demonstrate "that there is a particular, not a general, need for the material." *Evans & Assoc.,* 839 F.2d at 658.

In the instant case, petitioners argue the grand jury testimony of George W. Rienks, Jr. is needed for evidentiary purposes in connection with their pending civil litigation with Margaret Rienks, thus establishing the first of the *Douglas Oil* factors, that the testimony is needed "to avoid a possible injustice in another judicial proceeding," *Douglas Oil,* 441 U.S. at 222, 99 S.Ct. at 1674. The pending civil action, instituted by Margaret Rienks, alleges breach of a purchase agreement by Bob R. Lynde and default on a promissory note by both Bob and Cheri Lynde. Petitioners' subsequently filed counterclaim asserts, *inter alia,* fraudulent concealment and misrepresentation by George Rienks relating to his alleged involvement in an illegal "kickback scheme," which resulted in the overvaluation of LZP, Inc. at the time the Lyndes purchased the company's stock. In support of their motion to release the grand jury testimony of George W. Rienks, Jr., petitioners offered the pleadings filed in their civil action against Margaret Rienks and argued that the testimony "would be extremely helpful to [their] defense."

Petitioners' first contention on appeal is that the district court erred in holding petitioners had failed to meet the particularized need standard that would justify disclosure of the grand jury transcripts. Because the party seeking disclosure of grand jury testimony under Fed.R.Crim.P. 6(e) bears the burden of establishing a particularized need, the party's proposed use of the testimony is extremely significant. Without showing the proposed use is achievable, the requisite particularized need standard cannot be reached. Requiring a showing of particularized need impliedly requires the party seeking disclosure to demonstrate a specific and allowable use for the testimony. A showing that the testimony would be relevant and helpful in a connected proceeding is not sufficient to meet this burden. In the instant case, petitioners argue that the grand jury testimony is needed for "evidentiary purposes." This proposed use therefore requires an inquiry into what the evidentiary impact of the testimony would be in the pending trial. This inquiry and the district court's handling of it shall be discussed *infra.*

In support of their first contention, petitioners advance three main bases to show the requisite particularized need was established: (1) that the testimony is necessary to overcome the "evidencing" problem of Colorado's Dead Man's Statute; (2) that due to the lack of knowledgeable witnesses, denial of the transcript would severely prejudice petitioners' case; and (3) that the need for secrecy of the grand jury proceedings no longer exists.

Petitioners contend the grand jury testimony was necessary "to overcome the evidencing problem encountered by operation of the Dead Man's Statute, C.R.S. 1973 § 13–90–102."[7] In other words, petitioners argue that the testimony is needed so it can be introduced as evidence at the civil trial. If decedent's testimony were admitted, petitioners would no longer be barred from testifying as to their conversations and transactions with Mr. Rienks. One of the purposes behind the testimonial bar provided in Colo.Rev.Stat. § 13–90–102 is to protect a decedent's estate from claimants attempting to testify as to acts or transactions with the decedent that can no longer be verified. *First Nat'l Bank of Colorado Springs v. Morris*, 721 P.2d 1192 (Colo.Ct.App.1985); *In re Estate of Lopata*, 641 P.2d 952 (Colo.1982); *Coon v. Berger*, 588 P.2d 386 (Colo.Ct.App.1978), *aff'd*, 199 Colo. 133, 606 P.2d 68 (1980). We will not grant petitioners' disclosure request merely to allow the circumvention of Colorado's Dead Man's Statute.

In *Berger v. Coon*, 199 Colo. 133, 606 P.2d 68, 69 (1980), the Colorado Supreme Court affirmed the district court's opinion declaring the purpose of the Dead Man's Statute to be an "attempt to maintain equality between parties at trial through limitations upon admissibility of evidence, thereby promoting justice." The court also ruled, however, that when dealing with admission of former testimony of a witness since deceased, the testimonial safeguards of the Dead Man's Statute could be satisfied by fulfilling the foundational requirements of Colo.R.Evid. 804(b)(1).[8] *Id.* 606 P.2d at 70. Under Colo.R.Evid. 804(b)(1), prior to the admission of former testimony of a witness since deceased, the party seeking its admission must show "both a prior opportunity by the party against whom the prior testimony is offered to develop the offered testimony, and a similar motive to do so." *Id.* We are unable to find any indication in the record that Margaret Rienks had a prior opportunity to develop the testimony of her husband, nor have petitioners made such a showing. We therefore find petitioners have failed to meet the foundational requirements of Fed. R.Evid. 804(b)(1), which would have allowed the admission of testimony otherwise barred by the Dead Man's Statute.

Notwithstanding a lengthy witness list, petitioners next contend that denying release of the grand jury transcript would severely prejudice "their truth seeking process and ... preparation of their claims," in that "[a]side from the decedent, George W. Rienks, Jr., the only two people who had detailed, personal information of the 'kick back' scheme were Oscar Lee and Michael J. Zachary," and both have indicated they would assert their Fifth Amendment rights if called to testify.[9] The rule

---

7. Colo.Rev.Stat. § 13–90–102(1) (1987) provides: No party to any civil action, suit, or proceeding or person directly interested in the event thereof shall be allowed to testify therein of his own motion or in his own behalf by virtue of section 13–90–101 *when any adverse party sues or defends* as the trustee or conservator of a mentally incompetent person, or *as the executor or administrator, heir, legatee, or devisee of any deceased person*, or as guardian or trustee of any such heir, legatee, or devisee, unless when called as a witness by such adverse party so suing or defending...." (Emphasis added.)

8. Colo.R.Evid. 804(b)(1) provides:
   (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
   (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the

same or another proceeding, *if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.*
   (Emphasis added.)

9. The witness list, endorsing forty-five witnesses, was filed by petitioners along with a supplemented disclosure certificate, which provided:
   See attached witness list attached hereto as Exhibit A. Addresses of witness [sic] are unknown. *Witnesses can expect to have knowledge of the Lee–Rienks kick back scheme asserted to in Defendants' counterclaim.*
   (Emphasis added.) In their appeal, petitioners defend this inconsistency by arguing the witness list was endorsed on the eve of the deadline for filing the disclosure certificate, without opportunity to verify the extent of any witness's knowledge of particular facts.

governing disclosure of grand jury testimony [10] "is not to be used as a substitute for general discovery." *Evans & Assoc.*, 839 F.2d at 658; *Lucas v. Turner*, 725 F.2d 1095, 1106 (7th Cir.1984) (grand jury testimony should not be used "as a panacea for improper, inadequate and untimely discovery"). Petitioners contend that although Michael Zachary was aware of the kickback scheme, he was not always present during conversations between Oscar Lee and George Rienks, therefore Mr. Zachary "would not be able to lay out the details of the transactions between Oscar Lee and Mr. Rienks." [11] Petitioners acknowledged they were currently attempting to obtain Mr. Zachary's deposition, but argued that this pursuit "[did] not eliminate the particularized need to obtain the testimony of Mr. Rienks whose key testimony would support Petitioners' claims or defenses." We find petitioners' contention to be without merit.

■ Petitioners also contend that the need for secrecy no longer exists in regard to Mr. Rienks's grand jury testimony since "the criminal prosecutions have been concluded, the grand jury disbanded, [and] George W. Rienks, Jr. is deceased." It is true that as the reasons for protecting grand jury secrecy become less significant the burden of showing justification lessens accordingly. *Douglas Oil*, 441 U.S. at 223, 99 S.Ct. at 1675. However, when the relevant grand jury proceedings have been concluded, as in the present case, "the interests in grand jury secrecy, although reduced, are not eliminated." *Id.* at 222, 99 S.Ct. at 1674. There must still be a sufficient showing of the factors announced in *Douglas Oil* "even when the grand jury whose transcripts are sought has concluded its operations." *Id.* Indeed, the Court enunciated additional factors that must be considered in the determination:

> [I]n considering the effects of disclosure on grand jury proceedings, *the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries.* Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties.

*Id.* (emphasis added). After considering the competing interests involved herein, we find petitioners failed to sufficiently establish the second *Douglas Oil* factor, that the need for disclosure is greater than the need for continued secrecy.

We also note here, while not specifically addressed by petitioners or the district court, that petitioners' request did not fulfill the third *Douglas Oil* factor since it was not "structured to cover only material so needed." *Douglas Oil*, 441 U.S. at 222, 99 S.Ct. at 1674. No attempt was made by petitioners to narrow the scope of their request for the release of Mr. Rienks's testimony.

Again, determination as to whether a party has sufficiently demonstrated the requisite "particularized need" rests in the sound discretion of the trial court. *United States v. Parker*, 469 F.2d 884, 889 (10th Cir.1972); *see also Pittsburgh Plate*, 360 U.S. at 399, 79 S.Ct. at 1240. Typically, cases of "particularized need" arise when the litigant seeks disclosure of grand jury transcripts "to impeach a witness, to refresh his recollection, [or] to test his credibility." *Procter & Gamble*, 356 U.S. at 683, 78 S.Ct. at 987. The instant case does not present the typical "particularized need" scenario as discussed in *Douglas Oil* or *Procter & Gamble; see also Dennis v. United States*, 384 U.S. 855, 870, 86 S.Ct. 1840, 1849, 16 L.Ed.2d 973 (1966); *United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 234, 60 S.Ct. 811, 849, 84 L.Ed. 1129 (1940). "A general claim that disclo-

---

**10.** Fed.R.Crim.P. 6(e)(3)(C).

**11.** In their response to the objection filed by Margaret Rienks, petitioners claimed that "[o]f the[ ] two persons [having knowledge of the kickback scheme], only Oscar Lee would know everything which George W. Rienks, Jr. would have known."

sure of Grand Jury transcripts will possibly reveal exculpatory evidence is not enough to demonstrate 'particularized need.'" *Rising,* 867 F.2d at 1260; *see also Lucas.*

Considering the *Douglas Oil* factors, and in light of our standard of review, we hold the district court did not abuse its discretion by denying petitioners' request to release the grand jury testimony. Petitioners did not sufficiently demonstrate a specific and allowable use for the testimony, and thus the requisite "particularized need" or justification warranting disclosure of the grand jury transcripts could not be established.

■ Petitioners' second allegation of error was in the district court's "presupposing that the transcript would be inadmissible at a later state court trial," when the issue of admissibility was not before it. As authority for this contention, petitioners cite *People v. Casper,* 631 P.2d 1134, 1136–37 (Colo.Ct.App.1981), which upheld a trial court's refusal to rule in advance on defendant's motion to limit the scope of previously suppressed evidence for purposes of cross-examination. The evidence in *Casper,* however, did not involve the use of grand jury materials as did the present case, and therefore the same secrecy concerns were not implicated. Based on the special considerations involved in the disclosure of grand jury materials, we do not find *Casper,* or the other cases cited in petitioners' brief, persuasive on the disclosure issue presented herein.

It has been well established by this court and the Supreme Court that proper analysis of disclosure of grand jury materials involves a balancing of the competing interests of the need for the materials against the interests in maintaining the secrecy of the proceedings. *Douglas Oil; Procter & Gamble; Evans & Assoc.* As noted earlier (at 1460), consideration of these competing interests requires the court to examine the potential usefulness of the testimony to petitioners. In the instant case, petitioners' entire claim of "need" was based on the contention that the testimony of George W. Rienks, Jr. was needed for *"evidentiary purposes* in the pending civil case." (Emphasis added.) Advancing this argument forced the district court to consider the potential evidentiary impact of the grand jury materials since it was the expressed purpose behind petitioners' request. Determining the potential admissibility of the testimony at trial is certainly germane to the question of its usefulness to petitioners. Had the district court failed to consider the possible evidentiary effect of the testimony, its analysis would have been incomplete. If the testimony was inadmissible at trial, disclosure would not serve petitioners' proposed use, and petitioners' alleged claim of need would effectively be eliminated. Thus, in light of the special considerations involved in disclosure of grand jury material, it was proper for the district court to evaluate the potential admissibility of the requested testimony.

In their motion for release of the testimony, petitioners failed to demonstrate the testimony sought would be admissible in the pending civil trial. Neither in their response brief, nor in their brief on appeal, did petitioners contest the applicability of Colo.R.Evid. 804(b)(1) to the present facts.[12] On appeal, however, petitioners advance several alternate theories under which the transcript might be admitted into evidence. We are not now required to consider these arguments. Matters raised for the first time on appeal and "not appearing in the record will not be considered by the court of appeals." *Neu v. Grant,* 548 F.2d 281, 286 (10th Cir.1977). Nevertheless, we have reviewed petitioners' claims regarding the alternate avenues of admissibility and find the theories are based on speculation and conjecture and are inapplicable to the present facts.

■ Petitioners' final contention is that it was error for the district court to consider the objection filed by Michael J. Zachary as he "lack[ed] standing to do so." Assuming, *arguendo,* that it was improper for the

---

12.  See petitioners' Response to the Objection of Margaret Rienks, and the Order of January 29, 1990, where the district court acknowledged the absence of any contrary contention by petitioners relating to the application of Colo.R.Evid. 804(b)(1).

district court to consider Mr. Zachary's objection, and even if we were to concede petitioners' request that the objection be stricken, the disposition of this matter remains unaffected. The objection filed by Margaret Rienks, who clearly had standing, advanced substantially the same objections as did the one filed by Michael Zachary. Standing alone, Ms. Rienks's objection provided sufficient support for the decision reached by the district court in its Order of January 29, 1990, and thus consideration of Mr. Zachary's objection, even if erroneous, in no way prejudiced petitioners' position.

### III. CONCLUSION

For the aforementioned reasons, we AFFIRM the decision of the district court denying the requested release of grand jury transcripts.