13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marvin FIRESTONE, M.D., J.D. and Associates, a Professional
Corporation, Plaintiff/Appellee,
v.
Denard M. FOBBS, M.D. Defendant/Appellant.
 No. 92-1146.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 20, 1993.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, Circuit Judge, and BRIGHT,[2] and McWILLIAMS, Senior Circuit Judges.
 
 
 1
 Dr. Marvin Firestone and Associates, a professional corporation, brought suit in a state district court in Boulder, Colorado, against Dr. Denard M. Fobbs seeking to recover unpaid legal fees for services rendered Dr. Fobbs by Dr. Firestone in connection with certain administrative proceedings instituted against Dr. Fobbs relative to his staff privileges at the St. Agnes Medical Center in Fresno, California. Dr. Firestone is a physician and a lawyer. Dr. Fobbs is a physician. Dr. Fobbs, then represented by counsel, caused the case to be removed from state court to the United States District Court for the District of Colorado on January 27, 1989, showing, inter alia, that the plaintiff is a professional corporation with its principal place of business in Boulder, Colorado, and that he, Dr. Fobbs, is an individual domiciled in Fresno, California, and that the amount in controversy exceeded $10,000.[3]
 
 
 2
 By the time the case came on for jury trial, Dr. Fobbs was without counsel and he participated in the trial of his case, pro se. The jury returned a verdict in favor of Dr. Firestone against Dr. Fobbs and awarded Dr. Firestone nominal damages in the amount of $1.00. The verdict was received, the jury polled and then discharged. However, before the verdict was formally entered by the clerk and before the jury itself had separated, a deputy clerk of the district court advised the trial judge, and counsel, who apparently had not left the courtroom, that the foreman of the jury had verbally indicated to him that there had been a mistake, and that the jury had intended to award Dr. Firestone all of the attorney's fees sought by Dr. Firestone PLUS nominal damages of $1.00.[4] In any event, the jury was returned to the courtroom and the foreman was questioned briefly by the district judge. The upshot was that the district judge, sua sponte, declared a mistrial.[5] Neither Dr. Fobbs nor Dr. Firestone made any objection to the district court's action declaring a mistrial and setting the case for retrial. However, shortly after the mistrial, Dr. Firestone filed a motion for reconsideration or post-trial relief and/or judgment notwithstanding the verdict, asking the district court to amend or correct the verdict so as to conform with the true intent of the jury. This motion was denied.
 
 
 3
 Dr. Fobbs participated in the second trial, pro se, as he had in the first trial. The second trial resulted in a verdict in favor of Dr. Firestone against Dr. Fobbs in the amount of $60,475.19. Dr. Fobbs now appeals from the judgment entered on the jury's verdict.
 
 
 4
 On appeal, counsel for Dr. Fobbs raises what are essentially three grounds for reversal: (1) error by the district court in declaring a mistrial; (2) error by the district court in admitting certain evidence offered by Dr. Firestone and in rejecting other evidence offered by Dr. Fobbs; and (3) error by the district court based on its "hostility and/or bias against Dr. Fobbs during the second trial." We are not persuaded by any of these arguments and therefore affirm.
 
 
 5
 Generally speaking, in the absence of plain error, a party may not raise for the first time on appeal issues that he did not raise in the trial court. In re Lynde, 922 F.2d 1448, 1455 (10th Cir.1991); Schultz v. Rice, 809 F.2d 643, 646 (10th Cir.1986); United States v. Immordino, 534 F.2d 1378, 1381 (10th Cir.1976). The reason behind the contemporaneous objection rule is two-fold: First, it gives the trial court an opportunity to know the specific contention of the parties and to take corrective action, at the trial court level, if required; and second, it precludes a party from sitting idly by at trial watching error being committed and then taking a "first shot" at the claimed error on appeal. Green Constr. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1012 (10th Cir.1993); Neu v. Grant, 548 F.2d 281, 287 (10th Cir.1977).
 
 
 6
 As indicated, Dr. Fobbs made no objection to the order of the district court granting a mistrial, nor did he object to any of the events leading up to the grant of mistrial, nor did he make any objection when the case came on for retrial. Perhaps Dr. Fobbs was hoping that a second trial would result in total victory. If so, his gamble failed. In any event, having made no objection in any way, shape or form to the order of the district court declaring a mistrial, he cannot raise that issue on appeal, absent plain error, and we find no plain error. By holding that Dr. Fobbs is foreclosed from raising this particular issue on appeal, we are not indicating, let alone suggesting, that the district judge mishandled this matter. We think he did not.
 
 
 7
 Dr. Fobbs did object to certain evidence offered by Dr. Firestone, which the district court allowed, over objection, and Dr. Fobbs did make certain offers of proof, which the district court rejected. However, rulings by a trial court on evidentiary matters will not result in a reversal on appeal unless there is a clear abuse of discretion resulting in prejudice. Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1433 (10th Cir.1993); United States v. Young, 952 F.2d 1252, 1259 (10th Cir.1991). In the instant case, the challenged evidentiary matter was of little moment, and none of the district court's evidentiary rulings, either standing alone or in conjunction with the others, would justify reversal.
 
 
 8
 The final ground for reversal is Dr. Fobbs' belief that in the second trial of the case--not the first trial, of course--the district court by word and action indicated a hostility toward him in the presence of the jury that prejudiced his case. Again, as far as we can tell from the record before us, Dr. Fobbs voiced no objection in the district court to the judge's conduct. Be that as it may, our study of the matter indicates that Dr. Fobbs' charge of judicial misconduct by the district judge finds no support in the record. True, the district judge overruled several of Dr. Fobbs' objections, and in so doing indicated that he disapproved of the manner in which Dr. Fobbs was representing himself, pro se. However, such does not evidence hostility to Dr. Fobbs which would warrant a reversal.
 
 
 9
 In sum, much of Dr. Fobbs' problem is that he represented himself at trial, which, of course, he had a right to do. This, however, does not mean that he is somehow in a favored position on appeal.
 
 
 10
 Judgment affirmed.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [3]
 The amount in controversy requirement was increased to $50,000, effective May 18, 1989. See 28 U.S.C. 1332 (1988)
 
 
 [4]
 The jury had been instructed that if it found for Dr. Firestone but did not find that he sustained any actual damages, it "shall nonetheless award the plaintiff nominal damages in the sum of $1.00." During the course of its deliberations the jury asked the following question, in writing, of the district court: "If we find in favor of the plaintiff, does he automatically collect the whole amount due? In addition, can we award damages, and is that the only figure to be noted in the verdict form?" The district court answered that question by verbally instructing the jury, in effect, that it could disallow some of the fees sought by Dr. Firestone and that its verdict could be for "all or part of the amount sought." The district court then again advised the jury that if it found in favor of Dr. Firestone but did not find any actual damages, it should nonetheless award him nominal damages in the sum of $1.00
 
 
 [5]
 The first reason given by the district judge for declaring a mistrial was that in verbally communicating with the deputy clerk the jury had violated an instruction previously given the jury that it could not communicate with the court "by any means other than a signed writing...." The district judge also indicated a further reason for declaring a mistrial was that because of the unauthorized communication between the jury and the deputy clerk, he had, in fact, learned that the intended verdict was "at variance" with the verdict rendered