19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willa McMULLEN, Plaintiff-Appellee,
v.
WASHINGTON NATIONAL INSURANCE COMPANY, an Illinois
corporation, Defendant-Appellant.
 No. 93-6241.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This appeal is from a memorandum opinion and order of the district court denying defendant Washington National Insurance Company's motion for relief from a default judgment. The judgment awarded plaintiff Willa McMullen $11,900 in compensatory damages and $138,100 in punitive damages. The action arose out of plaintiff's claim that defendant allegedly withheld payment on certain claims and cancelled her health insurance in bad faith. Although properly served, defendant failed to enter an appearance or to answer plaintiff's complaint. Four months after entry of the default judgment, defendant moved to vacate the judgment. Defendant appeals from the district court's denial of this motion. We affirm in part, reverse in part, and remand for further proceedings.
 
 
 4
 On appeal, defendant asserts that its failure to file a responsive pleading was the result of excusable neglect.[2] Defendant asserts that its in-house counsel, Dan Orth, "quite frankly overlooked this matter in the press of other business preceding his retirement." Appellant's Br. at 7. Defendant alleges that this oversight was inadvertent and therefore, constitutes excusable neglect. Id. In further excuse, defendant claims that Mr. Orth "felt there was an excellent opportunity to settle this matter without incurring additional time and expense for both parties." Id. at 6.
 
 
 5
 In addition to demonstrating excusable neglect, our cases have required that a movant who has had proper notice of the proceedings demonstrate a meritorious defense. See United States v. Timbers Preserve, 999 F.2d 452, 454 (10th Cir.1993); Ruplinger v. Rains (In re Rains), 946 F.2d 731, 734 (10th Cir.1991); Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1147 n. 5 (10th Cir.1990). In this case, the district court resolved the motion on the basis of a lack of excusable neglect. Because we affirm on this ground, we do not address defendant's claim of a meritorious defense. See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1445 (10th Cir.1983); see also Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., Inc., 837 F.2d 423, 427 (10th Cir.1988)(holding that even if movant has a meritorious defense, he still must show that conduct was excusable).
 
 
 6
 We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. Pelican Prod. Corp., 893 F.2d at 1145. "An abuse of discretion is defined in this circuit as a judicial action which is arbitrary, capricious, or whimsical." Id. at 1146. We review the entire record to ascertain if the trial court failed to recognize some compelling reason for granting relief. Id.
 
 
 7
 Defendant lays the blame for its procedural derelictions at the feet of its counsel, and claims no knowledge of counsel's oversights. However, allegations of attorney carelessness do not afford a basis for relief from a default judgment. Pelican Prod. Corp., 893 F.2d at 1146. " 'Parties desiring relief must particularize, and generally do not acquit themselves of responsibility by showing merely that they placed the case in the hands of an attorney.' " Id. (quoting 7 Moore's Federal Practice 1/260.22 at 60-184 (2d ed.1987)). The burden of proof as to excusable neglect is upon the party seeking relief from judgment. Pelican Prod. Corp., 893 F.3d at 1146. "It is essential that appellant show good cause for the default before it will be set aside." Id. at 1147. In this case, defendant's burden becomes more onerous, not only because counsel was in-house, but also because defendant failed to come forth with any credible explanation from its counsel for his default.[3] See id.
 
 
 8
 In Cessna Finance Corp., we stated that "a workable system of justice requires that litigants not be free to appear at their pleasure." 715 F.2d at 1444. It is hard to believe that in-house counsel for a corporate insurance entity would not know of the need to answer a properly served complaint regardless of whether settlement was possible. Under the circumstances in this case, it is clear that defendant is bound by the actions of its counsel, and is accountable for counsel's failure to comply with the procedural rules of the court. Counsel's carelessness does not amount to excusable neglect, or any other acceptable ground upon which the district court could grant the relief defendant seeks. We will not disturb the district court's decision regarding default judgment unless the defendant has established that the decision is "clearly wrong." Nikwei v. Ross Sch. of Aviation, Inc., 822 F.2d 939, 941 (10th Cir.1987). It is clear that defendant failed to meet its burden of showing excusable neglect. Accordingly, we cannot find an abuse of discretion in the district court's denial of defendant's motion to set aside the judgment.
 
 
 9
 Next, defendant argues that the district court's award of $138,100 in punitive damages is in violation of Okla. Stat. tit. 23, 9. Plaintiff argues that, because defendant did not raise this issue before the district court, it is precluded from raising it on appeal. Generally, a party may not raise for the first time on appeal issues that were not raised in the trial court. In re Lynde, 922 F.2d 1448, 1455 (10th Cir.1991). However, an issue not raised to the district court may be reviewed for plain error. United States v. McDonald, 933 F.2d 1519, 1524 (10th Cir.), cert. denied, 112 S.Ct. 270 (1991). In civil cases, plain error is rare and will be found only to prevent a clear miscarriage of justice. Polys v. Trans-Colorado Airlines, Inc., 941 F.2d 1404, 1408 n. 5 (10th Cir.1991).
 
 Section 9 states in pertinent part:
 
 10
 A. In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant, in an amount not exceeding the amount of actual damages awarded. Provided, however, if at the conclusion of the evidence and prior to the submission of the case to the jury, the court shall find, on the record and out of the presence of the jury, that there is clear and convincing evidence that the defendant is guilty of conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed, then the jury may give damages for the sake of example, and by way of punishing the defendant, and the percentage limitation on such damages set forth in this section shall not apply.
 
 
 11
 B. The provisions of this section shall be strictly construed.
 
 
 12
 (Emphasis added.) In this case it is clear that the punitive damages award is far in excess of plaintiff's actual damages. It is also clear that the district court failed to make the requisite findings of "wanton or reckless disregard" for plaintiff's rights which would support an award in an amount exceeding the amount of actual damages. Therefore, we conclude that plain error exists such that if allowed to stand on this record, would be " 'patently plainly erroneous and prejudicial.' " See Aspen Highlands Skiing Corp. v. Aspen Skiing Co., 738 F.2d 1509, 1516 (10th Cir.1984)(quoting Moe v. Avions Marcel Dassault-Breguet Aviation, 727 F.2d 917, 924 (10th Cir.), cert. denied, 469 U.S. 853 (1984)), aff'd 472 U.S. 585 (1985). Accordingly, we hold that the district court erred in awarding $138,100 in punitive damages.
 
 
 13
 We AFFIRM the judgment of the United States District Court for the Western District of Oklahoma, denying defendant's motion to set aside the default judgment. We AFFIRM the judgment awarding plaintiff $11,900 in compensatory damages and REVERSE the $138,100 punitive damages award and REMAND for further proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Federal Rule of Civil Procedure 60(b) states in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.
 
 
 [3]
 Although the district court docket sheet indicates that the parties submitted briefs in support and in opposition to defendant's Rule 60(b) motion, we were not provided with these briefs on appeal. See Pelican Prod. Corp., 893 F.2d at 1146-47 (lack of affidavit from former attorney leaves plaintiff's excuse without substantiation)