**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ALBERT THROWER,

      Defendant - Appellant.

No. 98-2253 and 98-2313
(D.C. No. CR-88-466-JC)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.


Albert Thrower, appearing pro se, presents two separate appeals of the

district court's denial of his motion to preserve records and to produce copies of

grand jury transcripts, allegedly exculpatory evidence, and telephone tape

recordings, at his own expense. Exercising jurisdiction under 28 U.S.C. § 1291,

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

we affirm No. 98-2253, the only appeal over which we have jurisdiction, and refuse to consider No. 98-2313, which is untimely.[1]

Appellant was initially indicted in federal district court in New Mexico in 1988 for conspiracy and use of communications facilities to distribute marijuana. That indictment was later dismissed without prejudice on the government's motion because of state law charges for the same alleged criminal acts filed against appellant by the State of Ohio. In 1989, appellant pled guilty in Ohio and is currently serving his term in an Ohio state prison. He has made numerous unsuccessful attempts in state court to withdraw his guilty plea. The appeals before us concern the denial of a motion that appellant filed in federal district

---

[1] Appellant filed two motions in response to the district court's August 7, 1998, order which is under appeal: a timely motion for reconsideration filed on August 17, 1998, and an untimely motion to alter or amend judgment filed on August 19, 1998. Appellant filed two notices of appeal. He filed the first, which was assigned No. 98-2253, on September 4, 1998. His second notice of appeal, which was filed in response to the district court's denial of appellant's earlier motions in an order dated October 30, 1998, was filed on November 10, 1998, and assigned No. 98-2313. We have jurisdiction to consider No. 98-2253, because the initial order of the district court did not become final until its denial of a motion for reconsideration. See United States v. Ibarra, 502 U.S. 1, 5-6 (1991). We do not, however, have jurisdiction over No. 98-2313, which was filed more than ten days after the deadline to file a notice of appeal out of time. See Fed. R. App. P. 4(b); United States v. Davis, 929 F.2d 554, 557 (10th Cir. 1991) ("[A] timely notice of appeal is mandatory and jurisdictional.") (quoting United States v. Robinson, 361 U.S. 220, 224 (1960)) (citation and internal quotation omitted). Because both appeals concern the same August 7, 1998, order and do not raise distinct substantive issues, there is no need for us to remand No. 98-2313 to the district court to determine whether appellant's failure to comply with the filing requirements of Fed. R. App. P. 4(b) was due to excusable neglect under the standards set forth in United States v. Lucas, 597 F.2d 243, 245 (10th Cir. 1979).

court in New Mexico attempting to show that evidence relating to his withdrawn federal indictment would void his Ohio conviction.

The district court found in its order dated August 7, 1998, that appellant failed to make a particularized showing of his need for the materials he requests, and that none of the materials requested from the government is exculpatory as defined by Brady v. Maryland, 373 U.S. 83 (1963). Furthermore, the court found that appellant failed to make the requisite showing of a particularized, compelling need for the disclosure of grand jury transcripts necessary to warrant a violation of the secrecy of grand jury proceedings. See In re Grand Jury 95-1, 118 F.3d 1433, 1437 (10th Cir. 1997); In re Lynde, 922 F.2d 1448, 1452 (10th Cir. 1991). As the district court noted, the fact that the grand jury has concluded its operations does not affect the standard for considering appellant's motion. See In re Lynde, 922 F.2d at 1454.

Appellant's briefs and supporting materials are filled with nothing more than conclusory speculation. He fails to satisfy the "demanding requirements" that he show a particularized need for grand jury materials that outweighs the need to protect the grand jury's secrecy. In re Grand Jury 95-1, 118 F.3d at 1437 (citations omitted). As to the remaining materials appellant seeks, the district court performed an in camera review of transcripts of tape recorded conversations and investigative reports for exculpatory evidence under Brady and concluded that

the materials contain no evidence requiring disclosure. After reviewing the materials ourselves, we reach the same conclusion.

Appellant presents us with nothing, beyond speculative allegations of official perfidy, that would lead us to question the district court's careful conclusion that appellant failed to meet his burden for obtaining disclosure of the requested materials.

**AFFIRMED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge