**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OMAR COMBS,

Defendant - Appellant.

No. 02-2230
(D.C. No. CR-98-98 LH)
(D. New Mexico)

**ORDER AND JUDGMENT**

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*Pro se* defendant Omar Combs appeals from the district court's denial of his post-judgment motion under Fed. R. Crim. P. 6(e), requesting grand jury

transcripts at government expense. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Defendant was convicted of conspiracy to distribute marijuana, and possession with intent to distribute marijuana. He was sentenced to 120 months in prison, to be followed by eight years of supervised release. We affirmed the convictions and sentence on direct appeal. *See United States v. Combs*, 267 F.3d 1167 (10th Cir. 2001).

On May 17 and July 10, 2002, defendant filed post-judgment motions for grand jury transcripts under Fed. R. Crim. P. 6(e). He claims that the transcripts are needed to assist him in a motion under 28 U.S.C. § 2255 that he plans to file, but he provides no particularized reason why the transcripts would be necessary for that proceeding. We have held that "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *In re Lynde*, 922 F.2d 1448,1451-52 (10th Cir. 1991) (internal quotation marks omitted). Since defendant fails to make these required showings, his motion must fail.

We agree with the district court that defendant's motion for grand jury transcripts should be denied. Therefore, for the reasons stated above, and for

substantially the same reasons set forth in the district court's August 21, 2002,

order, we **AFFIRM** the order of the district court.

        ENTERED FOR THE COURT


        Harris L Hartz
        Circuit Judge